OPINION.
{¶ 1} Rick G. Myers appeals from a judgment of the Clark County Court of Common Pleas, which overruled his motions to "order [the state] to present the evidence against" him and to withdraw the guilty pleas that he had entered more than six months earlier.
 {¶ 2} Pursuant to a plea agreement, Myers pled guilty to two counts of rape and one count of gross sexual imposition in May 2001. The alleged victims of the offenses were the three daughters of Myer's girlfriend, Pamela Waltermire, two of whom were minors. In exchange for his pleas, several other counts in the indictment were dismissed. The trial court accepted Myers' guilty pleas. Myers raises no complaint with respect to the proceedings wherein he entered his pleas. He was sentenced to five years for each rape offense and to two years for gross sexual imposition, to be served consecutively for a total of twelve years.
 {¶ 3} On December 2, 2002, acting pro se, Myers filed motions to withdraw his guilty plea and to compel the state to present evidence against him. Myers offered no evidence in support of these motions. The trial court denied the motions on December 18, 2002.
 {¶ 4} Myers filed a notice of appeal in January 2003. He attached numerous affidavits to his brief that were not before the trial court when it overruled his motions to withdraw his plea and to compel the state to present evidence. Indeed, many of these affidavits were not even executed until after the trial court's decision had been rendered. However, some of these affidavits were attached to a motion for a new trial filed in the trial court subsequent to the filing of the notice of appeal.
 {¶ 5} Myers' two assignments of error are as follows. We will address them together.
 {¶ 6} "I. The trial court abused it's [sic] discretion by refusing to even consider the motion to withdraw the plea as the court did not have a hearing on the matter and failed to give full and fair consideration to the plea withdrawal.
 {¶ 7} "II. The trial court may not deny a post sentence motion without a hearing if the defendant submits evidence containing operative facts that show that the plea was coerced."
 {¶ 8} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Myers did not present any evidence to the trial court that his conviction had been coerced or had created a manifest injustice. Myers' unsworn statements claiming that numerous, unnamed witnesses would testify on his behalf were entitled to little, if any, weight, did not warrant a hearing, and certainly did not raise a genuine question as to whether there had been a manifest injustice. No other evidence was offered. As such, Myers was not entitled to withdraw his plea or to compel the state to present evidence against him. The trial court properly overruled the motions.
 {¶ 9} Moreover, even if the trial court had had before it the affidavits that Myers has attached to his brief, it would have properly overruled his motions. These affidavits do not create a genuine issue about whether the allegations against Myers were true. Some are inadmissible character evidence. Others simply establish that Pamela Waltermire had threatened to bring charges against Myers based on sexual conduct with her daughters on several occasions before she actually did so. Such allegations do not necessarily undermine the truthfulness of the claim that Myers had had sexual conduct with the girls. Thus, even if this evidence had been before the trial court, the court could have reasonably found that no manifest injustice had occurred.
 {¶ 10} The assignments of error are overruled.
 {¶ 11} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.